UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
PROBATION OFFICE

RICHARD A. HOUCK, JR.
CHIEF UNITED STATES PROBATION OFFICER

E. BARRETT PRETTYMAN U.S. COURTHOUSE
333 CONSTITUTION AVENUE, N.W., SUITE 2800
WASHINGTON, D.C. 20001-2866
TELEPHONE (202) 565-1300

MEMORANDUM

November 9, 2005

FILED
NOV 2 2 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**To:** Honorable Louis F. Oberdorfer
United States District Judge

**Through:** Anthony K. Hill, Supervising
United States Probation Officer
Tel: (202) 565-1417

**From:** Kurt H. Panzer, Jr.
United States Probation Officer
Tel: (202) 565-1401

**Re:** **KOTZ, Alvin**
Docket Number: 91-00246-01
**HEARING ON VIOLATION OF SUPERVISED RELEASE**

**SENTENCE:** Having entered a plea of guilty to Count One, Possession with Intent to Distribute 5 Kilograms or More of a Controlled Substance, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii)(II, and Count Two, Evading Financial Reporting Requirements, §§ 31 U.S.C. 5322(a) and 5324(3), Mr. Kotz appeared before Your Honor on September 16, 1991, and was sentenced to 120 months for Count One, and 60 months for Count Two, concurrent with Count One, to be followed by ten years of supervised release as to Count One, and three years as to Count Two, concurrent with Count One. The special conditions imposed include a $100 special assessment ($50 on each Count), and not to possess a firearm or destructive device.

In a memorandum to Your Honor dated April 5, 2005, we advised the Court of Mr. Kotz's March 22, 2005 Rockville, Maryland, arrest for Conspiracy to Conduct an Illegal Gambling Business, and Conducting an Illegal Gambling Business (DKC 05 CR 0119). He was released on personal recognizance on March 23, 2005; however, he violated his conditions of Pretrial release by reportedly having prohibitive contact with a person who was part of the alleged illicit transactions. Thus, he was subsequently placed on Electronic Monitoring and 24 hour look-down status.

KOTZ, Alvin
Docket Number: 91-00246-01
Page 2

Supervision began on June 8, 1999, and is scheduled to expire on June 7, 2009.

**ISSUE:** Reference is made to the attached petition in which a hearing on violation of supervised release is requested. Mr. Kotz is charged with the following violation of the conditions of supervised release:

1. **On July 19, 2005, Mr. Kotz pled guilty before Judge Chasanow to Conducting an Illegal Gambling Business, 18 U.S.C. §1955(a)(b) and (c); Money Laundering, 18 U.S.C. §1956(a)(1)(B)(I); Aiding and Abetting, 18 U.S.C. §2. Sentencing was scheduled for October 31, 2005. (Standard Condition)**

On October 31, 2005, Mr. Kotz was sentenced to 36 months imprisonment, to be followed by 36 months of supervised release, concurrent on both counts of Conducting an Illegal Gambling Business and Money Laundering. The Court recommended to the Bureau of Prisons that Mr. Kotz participate in any substance abuse program for which he may be eligible and that he be designated to FCI Cumberland for service of his sentence. Mr. Kotz was also permitted to voluntary surrender before 2:00 p.m. on January 9, 2006, due to the upcoming holidays and his wife's medical issue. As special conditions of supervised release, Mr. Kotz was ordered to participate in a substance abuse treatment program approved by the probation officer (which may include testing or counseling); mental health treatment; to provide full financial disclosure; and incur no new debt without approval of the probation officer. Mr. Kotz was also assessed a $200 special assessment (due immediately), and a $6,000.00 fine, in monthly installments of $200 over a period of three years.

According to the Indictment, Mr. Kotz and other co-conspirators conducted, financed, managed, supervised, directed, and owned all or part of an illegal gambling business, to wit, a bookmaking business, which involved five or more persons, and which gambling business had been in substantially continuous operation for a period in excess of thirty days and had a gross revenue of $2,000 in any single day. It is believed the offense began in 2002 and continued to March, 2005, within the District of Maryland and elsewhere.

Mr. Kotz reported the new arrest on March 24, 2005, and he and his attorney provided this officer with a copy of the indictment. Mr. Kotz stated he was arrested near Timpano's Restaurant in Rockville, Maryland, for gambling on March 22, 2005. He allowed the police to search his vehicle and spent the night at the Montgomery County Detention Center at Seven Locks. Mr. Kotz added he was on his way to the restaurant to meet some (older) friends.

**SUPERVISION ADJUSTMENT:** Satisfactory. As previously reported all home visits have been unremarkable. Mr. Kotz's source of income continues to include $751.00 per month Social Security benefits, income from his 25% share in Blue Water Imports, Durham, North Carolina, which is a business owned by a friend, and his spouse's income. Mr. Kotz's sales earnings have averaged approximately $8,000.00 per month.

According to Mr. Cacheris, Mr. Kotz's attorney, he is no longer under investigation by the United States Attorney's Office in Baltimore, Maryland, regarding an offer in compromise which occurred some years ago.

KOTZ, Alvin
Docket Number: 91-00246-01
Page 3

In regard to the special conditions, Mr. Kotz paid the balance of his special assessment on September 16, 1991.

**SENTENCING OPTIONS:** Mr. Kotz's new arrest violation constitutes a Grade B violation. Pursuant to U.S.S.G., 7B1.3(a)(1), upon a finding of a Grade B violation, the Court shall revoke supervised release. The revocation guidelines are 21 to 27 months for a Criminal History Category VI and a Grade B violation, pursuant to U.S.S.G. 7B1.4(a).

Pursuant to 18 U.S.C. 3583(e)(3), the maximum prison term that can be imposed upon revocation of supervised release is limited to 60 months for a Class A felony.

Pursuant to 18 U.S.C. 3401(I), a district judge may designate a magistrate judge to conduct hearings to modify, revoke, or terminate supervised release.

Should the Court revoke supervised release and impose a period of imprisonment that is less than the maximum statutory term of imprisonment (60 months), the Court may reimpose a term of supervised release after imprisonment. According to 18 U.S.C. 3583(e), and U.S.S.G 7B1.3(g)(2), the length of supervised release shall not exceed the term of supervision authorized by statute, less any term of imprisonment that was imposed upon revocation of supervised release.

**RECOMMENDATION:** We are requesting a hearing on violation of the conditions of supervised release. Should Your Honor concur, please sign below and on the attached petition.

Attachment: Form 12

_____
**Honorable Louis F. Oberdorfer**
**United States District Judge**

11/22/05
_____
**DATE**